1
2
3
4
5
6                          **UNITED STATES DISTRICT COURT**
7                              **DISTRICT OF NEVADA**
8    ANYA S. DUKE,                        )
                                          )        Case No. 2:15-cv-00404-JAD-CWH
9            Plaintiff,                    )
                                          )        **Report & Recommendation**
10   vs.                                   )
                                          )
11   MARY-ANN MILLER, et al.,              )
                                          )
12           Defendants.                   )
     _____  )
13
14          This matter is before the court on Plaintiff Anya S. Duke's Renewed Motion/Application to

15   Proceed *In Forma Pauperis* (#6), filed April 15, 2015.  Plaintiff has submitted two prior motions

16   seeking approval to proceed *in forma pauperis*, both denied without prejudice as incomplete.  *See*

17   Orders (Dkt. #2 and Dkt. #5).  Plaintiff's latest application provides sufficient information for the Court

18   to submit a recommendation on the *in forma pauperis* request. .

19          In her latest application, Plaintiff indicates that she is not employed and has no take-home pay or

20   wages.  She further indicates that she receives no income from any of the sources identified in question

21   3 of the application.  However, in the addendum attached to her motion, it is clear that Plaintiff receives

22   significant income from several different sources.  She receives "approximately $496.00" a month in

23   Social Security benefits.  Her husband receives "approximately $1,220.00" a month in Social Security

24   benefits.  Plaintiff also claims to receive reparation money as a Holocaust survivor.  Her husband

25   receives a gross payment of $3,456.90 ($2,894.61 net) from a military pension.  She does not have any

26   dependents.  Plaintiff pays a $931.00 monthly mortgage, which has apparently been refinanced to help

27   fund separate litigation.  Plaintiff pays $200.00 a month for her vehicle and approximately $1,716.00

28   annually for utilities.

            Based on this information, the Court finds that Plaintiff's income is sufficient to pay the filing

fee in this case.  *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week); *Rucker v. County of Santa Clara*, 2003 WL 21440151 (N.D. Cal. June 17, 2003) (sufficient showing of indigency where plaintiff received $748.42 per month, and that amount was exceeded by his outstanding monthly expenses and debt)).

Plaintiff's monthly income and other assets far exceed her listed monthly expenses. The income and benefits listed by Plaintiff total approximately $5,000.00, with listed monthly expenses well below $2,000.00.  Accordingly, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and is able to pay the costs of commencing this action.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Status Check (#7) is **granted**.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#6) be **DENIED**.  Plaintiff should be required to pay the filing fee thirty (30) days from the date that an Order denying Plaintiff's Application is entered.  Failure to do so should result in the Plaintiff's case being dismissed.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

 Dated: June 11, 2015.

          _____
          C.W.Hoffman, Jr.
          United States Magistrate Judge