# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Anya S. Duke, | 2:15-cv-00404-JAD-CWH |
| Plaintiff | **Order** |
| v. | **[ECF 12, 13]** |
| Esq. Mary-Anne Miller, et al., | |
| Defendants | |

Pro se plaintiff Anya S. Duke sues defendants for injuries she allegedly sustained when a Clark County District Court door struck her in the face.[1] When Magistrate Judge Hoffman recommended that I deny Duke's third application for pauper status,[2] Duke objected.[3] I considered Magistrate Judge Hoffman's findings and conclusions *de novo*, adopted his report and recommendation, overruled Duke's objections, and denied her application.[4] I ordered Duke to pay the full filing fee by December 7, 2015.

Instead of paying the filing fee, Duke filed an "objection" to my order and alternatively asks for "an order of final judgment" under FRCP 54(b). She reiterates her argument that she should not be required to pay the full filing fee because she is disabled, and she adds that, "If the Court would also" refuse to appoint counsel to represent her in this case, "then with All Due Respect it makes no sense to this Plaintiff[] to even attempt to pay the filing fees! And therefore, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff Respectfully Requests from this Honorable Court to Issue Her another Order, an Order of Final Judgment" so she can "address her Grievances with a

---

[1] ECF 1-1.

[2] ECF 8.

[3] ECF 9 at 3.

[4] ECF 11.

Higher Court . . . ."[5]  I treat her objection as a request for relief from a final order under FRCP 60(b), and I treat her alternative motion for a Rule 54(b) order as one to certify my denial of her ifp application as final for purposes of appeal.  I take the motion to certify first.

**A.     Request to Certify the Order as Final for Appeal**

Duke's request that I certify my denial of her ifp application as final so she can appeal it is based on a misunderstanding of the law.  An order denying a request to proceed in forma pauperis is immediately appealable.[6]  Thus, Duke did not need me to certify my order as "final" under Rule 54(b) for her to appeal it; it was appealable as soon as it was entered.  Duke's motion to certify my order as final under FRCP 54(b) is denied as unnecessary.[7]

---

[5] ECF 12 at 10 (emphasis deleted).

[6] *Roberts v. United States Dist. Court for N. Dist. of California*, 339 U.S. 844, 845 (1950) ("The denial by a District Judge of a motion to proceed in forma pauperis is an appealable order."); *Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988) ("A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291.").

[7] Duke frames this request for 54(b) certification as conditional—she suggests she only wants the certification if I intend to also deny her request for appointment of counsel, and she suspects I will deny it. ECF 12 at 10.  Duke states in an affidavit attached to her complaint that she "Prays and hopes that after this Honorable Court will review [her complaint and the exhibits attached to it] . . . [and] Grant the Plaintiff her Plea for an Assistant/Legal Aid; so she would be able to prosecute her Claim[s] and hopefully, receive the long awaited Justice." ECF 1-1 at 18, ¶ 7.  But there is no pending motion for appointment of counsel.  A prayer for relief in a complaint or a complaint's exhibits is not the same as asking the court for a ruling.  Requests for court action must be presented in a proper motion that complies with Local Rule 7-2 (which can be found on the court's website at www.nvd.uscourts.gov).

Duke is cautioned that she is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford, an attorney to represent her.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

**B.     Motion for Reconsideration [ECF 12]**

Rule 60 of the Federal Rules of Civil Procedure permits a court to relieve a party from a final order only upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."[8] Duke does not cite this standard or confine her argument to it.  She uses her "objection" to continue to quarrel with my conclusion that she has not demonstrated that her poverty and financial hardship prevent her from paying the filing fee and still providing herself and her dependents with the "necessities of life."[9]  A motion for reconsideration is not a substitute for a timely appeal, and a motion for relief from a final order can be denied when the movant merely uses the motion to reargue her case.[10]  Duke has not shown that any of Rule 60(b)'s enumerated factors are present or satisfied here.  Duke's "objection," which I liberally construe as a motion for relief from a final order under Rule 60(b), is overruled and denied.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Duke's Objection [ECF 12] and Request for an Order under FRCP 54(b) [ECF 13] are DENIED.**  Duke is cautioned that she has exhausted her avenues in the district court to challenge the denial of her requests for in forma pauperis status.  Although I originally gave her until today to pay the filing fee or have her case dismissed, I will give her another 10 days in light of this ruling.  **If Duke does not pay the filing fee by December 18, 2015, this case will be dismissed.**

Dated this 8th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); Fed. R. Civ. Proc. 60(b).

[9] *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

[10] *See, e.g., Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.,* 248 F.3d 892, 899 (9th Cir. 2001) (affirming district court's denial of motion for relief under Rule 60(b) when challenging party merely reargued case).